

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 10-40007-02 |
| Plaintiff, | \* | |
| vs. | \* | REPORT AND RECOMMENDATION |
| JAMES MICHAEL WILBOURN, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending are Mr. Wilbourn's motions:[1]

Motion to Sever because he has no relationship with his co-defendant.[2]
Motion to dismiss because of selective prosecution.[3]
Motion to dismiss because of violations of the Speedy Trial Act.[4]
Motion to suppress because the testimony of the confidential informant is not credible.[5]
Motion to dismiss under F.R.Crim.P. 48(b) because he was not promptly given his initial appearance under Rule 5.[6]

A hearing was had in open court on September 13, 2010. Mr. Wilbourn was present along with standby counsel Scott Hendricks Leuning. The government was represented by Assistant

---

[1] Mr. Wilbourn is representing himself. The motions are contained within letters to the court. They were filed after the deadline for filing motions. He is representing himself because he was complaining that motions were not filed by counsel. The descriptions of Wilbourn's motions in this Order come not from the title to the respective motions, but from the description of the thrust of the motion.

[2] Doc. 63.

[3] Doc. 64.

[4] Doc. 65.

[5] Doc. 66.

[6] Doc. 67.

United States Attorney John Haak. No evidence was presented. Arguments were heard. Both sides submitted briefs before the hearing.

Wilbourn moves to sever his trial from his co-defendant Gilbert because he has no relationship with Gilbert. This motion has been asserted twice before and denied.[7] In the latest motion Wilbourn asserts there is selective prosecution because another person who was present when the confidential informant made the drug purchase has not been charged. He asserts the Speedy Trial Act blocks his prosecution because the indictment was filed on January 5, 2010, but his first appearance in court was not until April 13, 2010, even though law enforcement knew where he could be found—he was incarcerated at the Mike Durfee State Prison in Springfield, South Dakota. He asserts the credibility of the confidential informant is so lacking that the testimony of the confidential informant which incriminates Wilbourn should be suppressed. Wilbourn asserts he was not promptly brought before a magistrate judge as is required by Rule 5, so the case should be dismissed under Rule 48(b).

## BACKGROUND

Wilbourn was indicted on January 5, 2010.[8] On January 6, 2010, a warrant for the arrest of Wilbourn was issued.[9] On the same date a warrant for the arrest of Gilbert was issued.[10] Wilbourn

---

[7]Doc. 51.

[8]Doc. 1.

[9]Unnumbered docket entry dated January 6, 2010, in Wilbourn's file. This is contrary to Wilbourn's assertion at the hearing that his arrest warrant was not issued until April 13.

[10]Unnumbered docket entry of January 6, 2010, in Gilbert's file.

was in the custody of the South Dakota Department of Corrections at the time.[11] His co-defendant Andre Gilbert was arrested on March 15, 2010, in Mississippi.[12] On March 26, 2010, the Mississippi documents were received on Gilbert.[13] On April 6, 2010, a Writ of Habeas Corpus ad Prosequendum was filed to bring Wilbourn to court on April 13.[14] On April 7, 2010, an initial appearance was held for Gilbert.[15] On April 13, Wilbourn was arrested and an initial appearance was held for him.[16] A Scheduling Order was filed on April 14, 2010, scheduling a joint trial for both defendants to begin June 22, 2010.[17] On June 9, an *ex parte* hearing was had with Wilbourn about representing himself.[18] As a result of a motion filed by counsel for co-defendant Gilbert a new Scheduling Order was filed which established July 27, 2010, as the trial date.[19] As a result of another motion filed by counsel for co-defendant Gilbert a new Scheduling Order was filed which established August 19, 2010, as the trial date.[20] On July 16, a trial date of September 21 was established.[21] On August 4 after an *ex*

---

[11] Wilbourn's own description of the facts in the September 13, 2010, hearing.

[12] Wilbourn's own description of the facts in the September 13, 2010, hearing. Also see unnumbered docket entry in Gilbert's file dated March 15, 2010.

[13] Doc. 4.

[14] Doc. 7.

[15] Doc. 8 in Gilbert's file.

[16] Unnumbered docket entry of April 13 and Doc. 13.

[17] Doc. 18.

[18] Docs. 40 & 42.

[19] Doc. 39.

[20] Doc. 48.

[21] Doc. 54.

*parte* hearing Wilbourn was allowed to represent himself in future proceedings. As a result of Wilbourn filing these motions and as a result of Gilbert's third motion to continue, another Scheduling Order was filed establishing October 19, 2010 as the trial date.[22]

### DECISION

The Speedy Trial Act provides the trial shall commence within 70 days from filing the indictment *or* from the date the defendant has appeared before a judicial officer, *whichever is later*.[23] Wilbourn claims the time to hold his trial came and went before his initial appearance. His argument is contrary to the very words of the statute.

Wilbourn also argues he was deprived of a prompt Rule 5 initial appearance so that the indictment should be dismissed under Rule 48(b). Wilbourn was arrested on April 13 and the initial appearance occurred the same day. He asserts that April 13 was the first time he knew an indictment had been filed on January 5. He has not cited any statute or case law to support the proposition that there is a "statute of limitations" which requires a person to be arrested within a certain amount of time following the filing of an indictment by the grand jury. Rule 5 requires that a person should be promptly taken before a magistrate judge following an arrest.[24] Wilbourn was.

Wilbourn's two previous motions to sever were denied previously by Judge Piersol:[25]

Both Defendant Gilbert and Defendant Wilbourn moved to sever their trial from the

---

[22]Doc. 68.

[23]18 U.S.C. 3161(c)(1). ". . . the trial . . . shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer . . . which ever date last occurs."

[24]Federal Rule of Criminal Procedure 5(a)(1).

[25]Doc. 51.

other. Defendant Gilbert then withdrew his Motion to Sever. To begin with, this case with two Defendants charged in a drug conspiracy does not appear to be complicated. Accordingly, the jury should have no trouble compartmentalizing the evidence as it relates to each Defendant.

The Defendants each claim that their defense is irreconcilable with the defense of the other. Why the respective defenses are irreconcilable is not well explained. Each Defendant claims he was not involved in this conspiracy. No adequate showing of irreconcilable defenses having been made, the Motions to Sever of Defendant Wilbourn are denied.

Nothing new has been mentioned to support a different conclusion about severance. Wilbourn asserts that he has no relationship with the co-defendant and that Wilbourn sold no drugs. That assertion can be told to the jury. It is for the jury to believe or not.

Wilbourn argues the confidential informant could not even remember what the person selling the drugs was wearing, so the testimony of the confidential informant is so unreliable the testimony should not be allowed. The credibility of witness testimony is for a jury to measure, not for the court to suppress.

Wilbourn argues the charge against him should be dismissed because someone else was not charged who was also present at one of the 24 confidential informant controlled buys. Wilbourn also argues he was told by a DEA agent that Wilbourn would not be charged because they had nothing on him. Wilbourn has not supplied a statute or case precedent to support his arguments.

It is RECOMMENDED:

1. That the Motion to Sever (Doc. 63) should be DENIED.

2. That the Motion to dismiss because of selective prosecution (Doc. 64) should be DENIED.

3. That the Motion to dismiss because of violations of the Speedy Trial Act (Doc. 65) should be DENIED.

4. That the Motion to suppress (Doc. 66) because the testimony of the confidential informant is not credible should be DENIED.

5. That the Motion to dismiss under Fed. R. Cr. Pro. 48(b) (Doc. 67) because Wilbourn was not promptly given his initial appearance under Rule 5 should be DENIED.

Dated September 14, 2010.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.
*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)