UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 10-40007-02 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTIONS |
| vs. | ) | FOR NEW TRIAL, |
| | ) | JUDGMENT OF ACQUITTAL, |
| JAMES MICHAEL WILBOURN, | ) | AND TO STRIKE |
| a/k/a "Mike," | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, James Wilbourn, was found guilty by a jury on October 20, 2010, of conspiracy to distribute 50 grams or more of a mixture or substance containing cocaine base. On October 26, 2010, Wilbourn filed a pro se Motion for New Trial (Docket 120), supporting documents, and a pro se Motion for Judgment of Acquittal. Docket 126. Wilbourn was represented by counsel during his trial. Wilbourn's trial counsel also filed a Motion for New Trial and supporting documents on November 3, 2010. Docket 128. The government filed a response (Docket 136) resisting the Motion for New Trial filed by Wilbourn's counsel, and filed a Motion to Strike Defendant's pro se Motion for New Trial and pro se Motion for Judgment of Acquittal. Docket 138.

I.  **Motion to Strike**

The government moves to strike Wilbourn's pro se motions and contends that because Wilbourn is represented by competent counsel the court may therefore exercise its discretion and refuse to accept Wilbourn's pro

se filings. *See United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) ("There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel."). Although the court has the discretion to do so, the court denies the motion to strike the pro se filings.

## II.     Motions for New Trial

In both the pro se and defense counsel's motions for new trial, defendant complains of suppression or late disclosure of evidence. Dockets 120, 128. The suppression by the prosecution of evidence favorable to an accused violates due process if the evidence is material either to guilt or to punishment, irrespective of the prosecution's good faith or bad faith *Brady v. Maryland*, 373 U.S. 83, 88 (1963). The *Brady* rule requires prosecutors to disclose evidence favorable to the accused if the suppression of the evidence would deprive the accused of a fair trial. *See United States v. Bagley*, 473 U.S. 667, 676 (1985). *Id.* Impeachment as well as exculpatory evidence falls within this rule. Regardless of whether a request has been made for it, favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 682. "A 'reasonable probability' of a different result is accordingly shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.' " *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (quoting *Bagley*, 473 U.S. at 678).

In his pro se motion, Wilbourn contends that discussion between the confidential informant and the detective was withheld from the jury. This evidence is not *Brady* evidence, however, because the defense was given this evidence. More importantly, although the audio recording received into evidence did not include the discussions between the confidential informant and the detective before and after the drug buy, transcripts of these discussions were received into evidence as defendant's Exhibits 21 and 22. The jury, therefore, did have this information.

Wilbourn and his counsel contend that the late disclosure of the photographs of the interior of the apartment where the controlled buy took place entitle Wilbourn to a new trial. The court has listened to the audio recording of the trial and reviewed all the exhibits received as evidence. The confidential informant testified that during the July 20, 2009, controlled buy, she put the money on a table and Wilbourn flipped the money over to Andre Gilbert, who put the money in his pocket. Wilbourn then gave her the drugs. The confidential informant described the setting as Wilbourn, Gilbert, and her sitting at the table in the dining room area.

During cross-examination of Andre Gilbert, defense counsel elicited a description of the layout of the apartment. Gilbert testified that he was in the living room on the couch when the drug deal took place. Gilbert, however, testified he was at the dining room table first. Defense counsel elicited from

witness William Watkins more testimony concerning the location of the participants and the layout of the apartment. Watkins testified that the confidential informant was always in the hallway and not in the living room or the dining room. Watkins also placed an individual named Regie at the dining room table. Watkins testified that he was the only person sitting on the couch in the living room.

On redirect examination of Watkins, the government first introduced photographs of the inside of the apartment. Watkins testified that he did not think one of the chairs in the photograph was at the table at the time of the alleged July 20, 2009, buy. On re-cross of Watkins, defense counsel stated that if he had known the government had pictures of the apartment, he and Watkins could have gone through the earlier examination a little easier. Defense counsel then had Watkins identify where people were located in reference to the photographs. Watkins again testified that the confidential informant, Wilbourn, and Gilbert were all in the entryway.

This case involves a late disclosure during the trial as opposed to the government's failure to disclose evidence. The Eighth Circuit Court of Appeals has repeatedly distinguished the failure to disclose from a delay in disclosure. *See United States v. Deering,* 179 F.3d 592, 596 (8th Cir. 1999); *United States v. Einfeldt,* 138 F.3d 373, 377 (8th Cir. 1998) (*Brady* is not violated where evidence is disclosed during trial); *United States v. Janis,* 831 F.2d 773, 776

(8th Cir. 1987). In this case, the late disclosure of the photographs did not prevent the defense from impeaching the testimony of witnesses regarding the setting of the drug deal. Although it may have been easier to present the layout of the apartment with the use of the photographs, the photographs were not critical in showing the discrepancy between the confidential informant's characterization of the setting and the characterization given by other witnesses. The photographs were not taken at the time of the drug transaction and therefore show the interior layout of the apartment, but not where any of the witnesses or Wilbourn were located during the controlled buy. Wilbourn was not deprived of a fair trial because of the late disclosure of the photographs and an earlier disclosure would not have changed the result of the trial.

In his pro se motion, Wilbourn contends that the transcript in government's Exhibit 2 was not accurate. Any inaccuracy, however, was cured by Jury Instruction Number 12, which advised that it is what the jurors heard and not what they read that controls with regard to the conversation of July 20, 2009.

None of the issues raised in the pro se or defense counsel's motions for new trial warrant a new trial. The motions for new trial are denied.

### III.   Motion for Judgment of Acquittal

Wilbourn filed a pro se motion for judgment of acquittal. In considering a motion for judgment of acquittal, the court views the evidence in the light most favorable to the government and asks whether the evidence is sufficient to permit a reasonable jury to conclude that the defendant is guilty beyond a reasonable doubt. *United States v. Reddest,* 512 F.3d 1067, 1070 (8th Cir. 2008). Wilbourn focuses primarily on controverted evidence during his trial as well as case law that holds that evidence of a "single transient sales agreement" and small amounts of drugs are consistent with personal use and supports a conclusion that a defendant is only involved in a buyer-seller relationship, rather than being a member of a conspiracy. *See United States v. Prieskorn*, 658 F.2d 631, 634 (8th Cir. 1981).

In viewing the evidence in the light most favorable to the government, the evidence against Wilbourn consisted of more than evidence of a single buyer-seller relationship. In addition to the incriminating testimony of the confidential informant, witness Colleen Cross testified that Wilbourn got drugs for other people, and that Wilbourn got drugs from Delacey Williams, who got his drugs from Andre Gilbert. Tony Day also testified that he witnessed a drug relationship between Gilbert and Wilbourn in that Wilbourn received drugs from Gilbert and then came back and gave Gilbert money. Day also testified that Gilbert fronted drugs for Wilbourn. After reviewing all of the

6

evidence presented at trial under the standard set forth above, defendant's pro se motion for judgment of acquittal is denied. Accordingly,

IT IS ORDERED:

1. That the government's motion to strike defendant's pro se pleadings (Docket 138) is denied;

2. That the motions for new trial (Dockets 120, 128) are denied; and

3. That the Motion for Judgment of Acquittal (Docket 126) is denied.

Dated January 12, 2011.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> CHIEF JUDGE